# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 699 - 1 | **DATE** | 11/23/2004 |
| **CASE TITLE** | USA vs. Nettles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to transfer the case to another circuit and for recusal.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 23 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 21 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/23/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. 04 CR 699 |
| GALE NETTLES, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Gale Nettles is charged in a nine-count indictment with attempting to damage and destroy by means of an explosive a federal building and various other offenses under 18 U.S.C. §§ 844(f), (i), and 2339. The building referenced is the Everett M. Dirksen federal building in Chicago, Illinois, in which this court and the Court of Appeals for the Seventh Circuit sit. Mr. Nettles moves for recusal pursuant to 28 U.S.C. § 455 and for transfer pursuant to Fed. R. Civ. P. 21(a). He asks that neither I nor any judge in the Seventh Circuit, including the Court of Appeals, hear his case and that it be transferred to another circuit. Mr. Nettles does not argue that I have any personal bias, and indeed agrees that he has "no information that the Court has any actual bias or prejudice against him." (Defendant's Memorandum of Law at 2.) I deny both motions.

28 U.S.C. § 455 requires that a federal judge recuse herself "in any proceeding in which [her] impartiality might reasonably be

questioned." 28 U.S.C. § 455(a). This statute serves not to protect defendants from actual bias on the part of a judge, but to promote public confidence in the impartiality of the judiciary. *See Marino v. United States*, No. 97-C-7159, 1999 WL 39008, at *6 (N.D. Ill. Jan. 15, 1999)(Williams, J.). The test for recusal under § 455(a) is "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *Id.* (citing, inter alia, *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985)). The decision about impartiality "is to be made in light of the facts as they existed, and not as they were surmised ...". *Cheney v. U.S. District Court for the District of Columbia*, __U.S.__, 124 S.Ct. 1391, 1393 (2004). Judges have equal obligations to recuse themselves when appropriate and to refuse to do so when recusal is inappropriate. *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994).

Evaluation of the circumstances under § 455(a) is highly fact-specific, and analogy to other cases serves only as guidance in that evaluation. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)(citing *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)). Mr. Nettles argues that the decision in favor of recusal in *Nichols*, which related to the bombing of the Alfred P. Murrah Federal Building in Oklahoma City, illustrates the propriety of recusal (and transfer) in this case. The facts of this case,

2

however, differ significantly from the case in *Nichols*. In that case, the federal judge assigned to the case had been directly impacted by the bombing. In the words of the Tenth Circuit:

> Judge Alley's courtroom and chambers were one block away from the epicenter of a massive explosion that literally rocked downtown Oklahoma City, heavily damaged the Murrah building, killed 169 people, and injured many others. The blast crushed the courthouse's glass doors, shattered numerous windows, ripped plaster from ceilings, dislodged light fixtures, showered floors with glass, damaged Judge Alley's courtroom and chambers, and injured a member of his staff, as well as other court personnel and their families.

*Nichols*, 71 F.3d at 352. Here, no damage to property or person, or loss of life, occurred. If Mr. Nettles' plot was indeed as alleged, he intended harm to the Dirksen building and its occupants. Importantly for purposes of recusal, his alleged plot, unlike that in Oklahoma City, was never brought to fruition. Indeed, it could not have been, for the persons Mr. Nettles allegedly believed to be co-conspirators in the plot were undercover federal agents with no intention of ever performing the alleged destructive acts. Not only did no damage accrue to the persons and property of the Dirksen building, but there was never any real danger of such damage.

Even in cases in which there has reportedly been a threat against the trial judge, courts have held that recusal is not warranted where the judge did not believe he was in danger or his actions were not influenced by the alleged threat. E.g., *United States v. Yu-Leung*, 51 F.3d 1116, 1119-20 (2d Cir. 1995); *Rivera v.*

3

*United States*, 2001 WL 736778 (S.D.N.Y. 2001) (judge's name was on "hit list;" court noted recusal should occur only in the "extraordinary case"); *Te-Te-Ma Truth Foundation - Family of URI, Inc. v. World Church of the Creator,* 246 F. Supp. 2d 980 (N.D. Ill. 2003)(Judge Lefkow declined to recuse herself from civil case in which spokesperson for defendant had threatened her); *Marino v. United States,* 1999 WL 39008 (N.D. Ill. 1999). Where recusal has been required it has been because there was evidence that a judge's actual fear of harm has influenced or could influence his judicial decisions. *See Greenspan,* 26 F.3d at 1005. That situation does not exist here. The motion for recusal pursuant to 28 U.S.C. § 455(a) is denied.

In addition, no reason exists to transfer this case to a district outside the Seventh Circuit. Rule 21 of the Federal Rules of Criminal Procedure states that

> the court must transfer the proceeding against [the] defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

FED. R. CRIM. P. 21(a). Mr. Nettles argues that such overwhelming prejudice exists in this case. In addition to restating his concerns related to his motion for recusal, Mr. Nettles argues that his case has received a good deal of publicity in the Chicago media and that any potential jury pool would be tainted by fear that

they, too, could have been victims had Mr. Nettles' alleged plot gone forward.

Here, too, Mr. Nettles points to the Oklahoma City case as illustrative of why transfer should be granted. The decision in that case, granting a transfer to the District Court of Colorado, is illustrative, if not in the direction Mr. Nettles argues. In *United States v. McVeigh*, 918 F. Supp. 1467 (W.D. Okla. 1996), the court granted the defendants' motion for transfer of venue. In doing so, the *McVeigh* court noted the enormous publicity the case had garnered, especially the ongoing, in-depth coverage by the Oklahoma media. *Id.* at 1471-1473. Not only had the media kept the story alive, the *McVeigh* court stated that the media had "demonized" the defendants, portraying them in such a way to "[evoke] such strong emotional responses or such a identification with those directly affected ... that the jurors feel a personal stake in the outcome." *Id.* at 1473. No such pervasive and highly-emotional coverage exists in this case, as might be expected since the alleged plot was never fulfilled. The *McVeigh* court also noted the extreme sympathy evoked by the victims, many of them young children, in holding that "so great a prejudice" existed that defendants could not obtain a fair and impartial trial in Oklahoma. No such emotional toll is at play here, as the alleged plot was never carried out, thus creating no victims. The motion to

5

transfer pursuant to Rule 21(a) is also denied.

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 23, 2004