IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff,<br><br>        v.<br><br>GALE NETTLES,<br>                              Defendant. | 1:04-cr-00699<br><br>Honorable John F. Keenan |

**DEFENDANT'S OBJECTION TO PRESENTENCE
INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

NOW COMES the Defendant GALE NETTLES by and through his attorney, JOHN T. THEIS, and files the following objection to the Presentence Investigation Report prepared in this case, stating in support thereof as follows:

**BACKGROUND**

The Defendant was arrested on August 5, 2004, and charged by complaint with offenses arising out of an allegation that he attempted to destroy the Federal Courthouse in Chicago using explosives. Defendant was indicted on September 1, 2004, on nine counts. Counts I and II related to an attempt to damage and destroy the Federal Building which was owned and possessed by the United States, and by attempting to destroy the same building in an activity affecting interstate commerce.

Counts IV through IX alleged violations of the Federal counterfeiting laws, 18 U.S.C. § 471 and 473.

Count III alleged a violation of 18 U.S.C. § 2339A and 2. That section prohibits certain delineated acts of terrorism. Defendant was acquitted of this count after a jury trial, and was

1

convicted on all remaining counts. After the Defendant was convicted on September 15, 2005, a Presentence Investigation Report was ordered, and was prepared and tendered to Defendant and his counsel in December 2005. Defendant files the following objections to the Presentence Investigation Report.

## BASE OFFENSE LEVEL

The Defendant submits that the base offense level in this case should be 24. The Presentence Investigation Report asserts that the instant offense involved the Defendant's attempt to destroy the Dirksen United States Courthouse by use of an explosive device and that the Defendant "was aware that his conduct created a substantial risk of death or serious bodily injury to potential victims." The Probation Office thus concludes that the base offense level should begin at 24, but then refers to U.S.S.G. § 2K1.4(c)(1). Because the Probation Officer concludes the offense of conviction involved a plan to commit murders, the Probation office concludes that the base offense level should be raised to 43.

However, the jury need not have reached the conclusion that the Defendant intended to murder the individuals set forth in the Presentence Investigation Report in order to convict the Defendant of the counts of conviction. The Court must make an independent determination that the Defendant had such an intent, as opposed to finding, for example that Defendant was merely making outrageous statements for the purpose of obtaining money by selling what was purported to be lethal material to individuals posing as dangerous characters. The Defendant stated more than once in tape recorded conversations introduced at trial that although it was his desire that the Federal Building be destroyed, he did not care what the purchasing individuals did with the material. Thus this Court could not conclude beyond a reasonable doubt that the Defendant

intended to murder anyone, and thus the level 43 enhancement is inappropriate.

## THE TERRORISM ENHANCEMENT

The Presentence Investigation Report adds 12 points to the Defendant's offense level based on U.S.S.G. § 3A1.4(a), which is to be used when the offense involved or was intended to promote a federal act of terrorism. The Defendant was acquitted of the sole act charged in the indictment which is under the terrorism section of the Federal Criminal Code, Count III. The jury's finding with regard to that is conclusive and controlling, and this Court cannot, consistent with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), add 12 points when a jury finding was to the contrary. The Defendant is entitled to a jury finding, with the standard of proof beyond a reasonable doubt, on the issue of whether this was an act of terrorism. *Apprendi*; *Blakely, supra*; *United States v. Leahy*, 169 F.3d 433 (7th Cir. 1999). This Court must therefore subtract the 12 points given to the Defendant pursuant to U.S.S.G. § 3A1.4(a).

## OBSTRUCTION OF JUSTICE

The Presentence Investigation Report recommends a two level increase for obstruction of justice based on an allegation that the Defendant "directly and indirectly" threatened a witness and an investigating case agent. The Presentence Investigation Report adds the points notwithstanding the fact that the information supporting this enhancement is contained in the Presentence Investigation Report in only the most conclusory terms, and the source of the information, other than the Assistant United States Attorney (who presumably learned the information from other individuals), is not contained in the report.

Therefore, the Defendant requests a hearing to determine whether a factual basis for the

3

two point enhancement for obstruction of justice exists. Absent any such hearing, at which the Defendant submits the evidence must convince the Court beyond a reasonable doubt of the facts alleged, this Court should disregard the Government's information and the Presentence Investigation Report's two point enhancement.

## CRIMINAL HISTORY

The Defendant is under the guidelines a Criminal History Category IV. (See PSR, p.17, Lines 483-484) The probation office concludes however, at page 17, paragraph 485 of the Presentence Investigation Report that the Defendant should be a Criminal History Category VI, based on the enhancement for U.S.S.G. § 3A1.4(b). Since this enhancement should not be applied (see above), the Court should find the Defendant to be a Criminal History Category IV.

## CONCLUSION

The United States Sentencing Guidelines are merely advisory. *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005). *See also Blakely and Apprendi*. This Court must review 18 U.S.C. § 3553 in context with the sentencing guidelines to determine whether the life sentence, or any lesser sentence which the Court concludes is appropriate, as authorized by statute and by the Guidelines. *United States v. Cunningham*, ____ F.3d ____, 2005 WL 3029083 (7th Cir., 11/14/05); *United States v. Alburay*, 415 F.3d 782 (7th Cir. 2005) Unlike the Guidelines, Section 3553 is mandatory. *Cunningham, supra*. The Defendant is a 68 year old man, and the Presentence Investigation Reports demonstrate that he is in less than good health. A reasonable sentence and a fair one would be a sentence which would allow the Defendant an opportunity to be released at some point in his life, without a life sentence. Anything more would be "greater than necessary" to meet the requirements of Section 3553. The

Defendant requests that the Court sentence the Defendant based on his age, physical condition, mental capacity, as well as the factors suggested by the Government and submitted by the Probation Office in the Presentence Investigation Report.

                    Respectfully submitted,

                    s/[John T. Theis]
                    John T. Theis
                    29 South LaSalle Street, Suite220
                    Chicago, IL 60603
                    Phone: (312) 782-1121
                    Fax:   (312) 782-2852
                    E-mail: theislaw@aol.com

### CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: **Brandon Fox** (brandon.fox@usdoj.gov, barbara.buckner@usdoj.gov, USAILN.ECFAUSA@usdoj.gov); **Victoria Jones Peters** (vicki.peters@usdoj.gov); **Pretrial Services** (ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov); and, **Probation Department**. A copy of the filed document will also been sent via facsimile to **Honorable John F. Keenan**.

                    s/[John T. Theis]
                    John T. Theis
                    Barrister Hall - Suite 220
                    29 South La Salle Street
                    Chicago, IL 60603
                    Phone: (312) 782-1121
                    Fax:   (312) 782-2852
                    E-mail: theislaw@aol.com

F:\Clancy\AATHEIS\2004\Nettles\objpresent.wpd