UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 04 CR 699 |
| | ) | Judge John F. Keenan |
| GALE NETTLES | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO
PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

The United States of America, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant's objection to his presentence report and sentencing memorandum.

**I.      The PSR Properly Calculates the Base Offense Level as 43.**

Defendant objects to the PSR's conclusion that his base offense level is 43 because he planned to commit murders. Defendant claims that the jury did not necessarily conclude that he planned to commit murders in convicting him in Counts One and Two. These convictions, however, were for attempting to damage and destroy the Dirksen Federal Building, acts that would have obviously resulted in death if carried out. Further, defendant's intentions were clear: he wanted to commit mass murder.

Defendant claims that he was "merely making outrageous statements" in order to sell fertilizer to a member of Al Qaeda.[1] This argument might be stronger had defendant not made these

---

[1] Defendant states on multiple occasions that this Court must making its findings on these enhancements using a beyond a reasonable doubt standard. *Booker*, however, made clear that the proper standard is one of a preponderance of evidence. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not in the end . . . change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made . . . on the preponderance of the evidence.")

horrific statements well before meeting the purported Al Qaeda operative. While in prison, Defendant told a fellow inmate that he could easily load a truck with ammonium nitrate, drive the truck beneath the Dirksen Federal Building, and detonate the explosive in order to "take the building down." Additionally, in January 2003 – months before meeting with "Ali" – defendant told Gary Beasley, an undercover officer, that he wanted to "collapse the building." Defendant said he had a problem with the whole federal system, including the judge on his counterfeiting case. Defendant stated that he wanted to take out "a couple of city blocks." Defendant also explained to Beasley the procedure for using ammonium nitrate in a truck bomb. These statements not only show on their own that defendant planned on committing murder, but also show that defendant's statements when speaking with Ali were not mere puffery. Further, defendant kept 600 pounds of fertilizer for himself in order to carry out the attack if Ali had chosen a different target.

**II.     The Terrorism Enhancement is Appropriate.**

Defendant claims that the PSR inappropriately added a terrorism enhancement under USSG § 3A1.4(a) because he was acquitted of the sole act charged in the indictment that fell under the terrorism section of the Federal Criminal Code. What defendant fails to realize is that his conviction in Count II calls for the application of the terrorism enhancement *per se*.

A twelve level enhancement is appropriate "[i]f the offense . . . involved, or was intended to promote, a federal crime of terrorism." USSG § 3A1.4. A "federal crime of terrorism" is defined within 18 U.S.C. § 2332b(5)(B). *See* USSG § 3A1.4, Appl. Note. 1. Specifically included within that definition is an offense for attempting to damage and destroy a building in interstate commerce

under Section 844(i). *See* 18 U.S.C. § 2332b(5)(B)(i). Accordingly, the terrorism enhancement is appropriate and twelve levels should be added to his offense level. Further, defendant's criminal history category should be a Category VI, as calculated by the PSR.[2] *See* USSG § 3A1.4(b).

### III. The Obstruction of Justice Enhancement is Appropriate.

Defendant requests a hearing to determine whether there is a factual basis for the obstruction of justice enhancement. The government will present evidence at the sentencing hearing that will show by a preponderance of evidence that defendant did, in fact, attempt to obstruct justice as described in the PSR.

### IV. Defendant Should Receive the Highest Possible Sentence.

Defendant argues that he should receive a sentence that would allow him "to be released at some point in his life." Simply put, there are no mitigating factors here that would support such a sentence. Defendant's release at any point in his life would result in tremendous risk to society. His adult life is filled with violent convictions – so many, in fact, that he has spent a vast majority of his adult life in prison. He has shown no ability to rehabilitate while in prison.

Additionally, the facts of this case show that defendant has the ambition of committing mass murder and killing innocent people. As was shown during the trial, defendant also has a knowledge of explosives that could allow him to carry out such an attack if ever released. The Guidelines call for a life sentence. The most he could be sentenced to, based on statutory maximums, is 160 years. The government respectfully asks for this Court to sentence him this maximum sentence.

---

[2] Defendant's sole argument as to why his criminal history should be a Category IV is that the terrorism enhancement does not apply. This enhancement, which is clearly applicable, calls for defendant's criminal history to be set at Category VI.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court overrule defendant's objections to the PSR and sentence defendant to 160 years in prison.

        Respectfully Submitted,
        PATRICK J. FITZGERALD
        United States Attorney

By:    <u>Brandon D. Fox /s</u>
        BRANDON D. FOX
        VICTORIA J. PETERS
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5277

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that the following document:

      RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE
      INVESTIGATION REPORT AND SENTENCING MEMORANDUM

was served on January 9, 2006, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      Brandon D. Fox /s
      BRANDON D. FOX
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois
      (312) 353-5277